FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 OCT 18 PM 3: 09

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONALD G. STORY | CIVIL ACTION |
| VERSUS | NO. 05-2754 |
| UNITRIN SPECIALTY INSURANCE COMPANY, ET AL | SECTION "C" (1) |

ORDER AND REASONS

This matter comes before the Court on the issue of whether the minimum jurisdictional amount in controversy exists in this removed case. Having considered the record, the memoranda of counsel and the law, the Court has determined that the defendant has not shown that the jurisdictional amount was in controversy at the time of removal, and this matter is REMANDED to state court pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions are insufficient to invest a federal court of jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id. This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. Id. It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

   The plaintiff was allegedly injured in two separate automobile accidents in 2004. This matter involves the first accident on June 4, 2004, for which the plaintiff received medical treatment and a

2

diagnosis of mild cervical strain, mild thoracic strain, mild lumbar strain and mild bilateral shoulder strain.[1]  Subsequent cervical and lumbar MRIs revealed congenital abnormalities, but no herniated discs.  The plaintiff's doctor had recommended continued conservative care before the plaintiff became involved in a second accident in September 2004, which the plaintiff claims caused disc herniations.  The plaintiff incurred medical expenses in the amount of $4,565.00, property damage in the amount of $507.43 from the first accident and did not lose any wages as a result of that accident.  After the plaintiff settled with a non-diverse defendant for $10,000, the defendants removed on the basis of diversity jurisdiction, which the plaintiffs maintain does not exist due to a lack of the jurisdictional minimum amount in controversy.

The defendants argue that it the jurisdictional amount exists because the second accident "worsened some, but not all, of the injuries that Mr. Story claims resulted from the first accident..." (Rec. Doc. 9, p. 7).  Nevertheless, the record evidence indicates that the jurisdictional amount did not exist at the time this matter was removed, where only mild strains had been diagnosed prior to the second accident, with no recommended surgery or long-term

---

[1]   The second accident is <u>not</u> the subject of this lawsuit.

3

disability.[2]

In addition, the defendant seem to argue that a binding stipulation from a plaintiff is required in all removal cases to prevent remand. While the Fifth Circuit in De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995) recognized that removal can be prevented by the filing of a stipulation involving the jurisdictional amount, the Court's understanding is that there is no rule that requires a stipulation for remand where the jurisdictional amount has not been shown. This Court disagrees that the appropriate analysis requires a stipulation in all cases where remand is sought.

Based on the record and the law, the Court finds that the defendant has not shown that the amount in controversy exceeds $75,000 at this time. In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure:*

---

[2] In this regard, the Court discounts the defendant's comparison with the case of Perez v. State, 753 So.2d 913 (La. App. 4th Cir. 2000), where the plaintiff was diagnosed with chronic cervical sprain which caused pain that prevented the plaintiff from working, and the case of Hoyt v. Gray Insurance Co., 809 So.2d 1076, 1084 (La. App. 4th Cir. 2002), where there was evidence of disc herniation and the plaintiffs were found to have "disabling injuries" with "long-range implications."

*Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that plaintiffs' motion to remand is GRANTED. This matter is hereby REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this __17__ day of October, 2005.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE